## MUNICIPAL APPOINTMENTS AND THE MERIT SYSTEM.

Circuit Court of Cuyahoga County.

ANDREW B. LEA, AS DIRECTOR OF PUBLIC SERVICE, v. THE STATE
OF OHIO, EX REL NEWTON D. BAKER.*

Decided, November 9, 1910.

*Civil Service—Application of, to Vacancy Occurring Before Merit System was in Full Operation—Temporary Appointments—Sections 4480 and 4488, P. & A. Anno. General Code.*

An action lies to compel a director of public service to certify a vacancy
to the civil service commission, notwithstanding at the time of the
occurrence of the vacancy the civil service commission had not pre-
pared rules and regulations adapted to carry out the purpose of the
civil service act with reference to examinations and promotions.

*Mathews & Orgill,* for plaintiff in error.
*Newton D. Baker,* City Solicitor, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

The parties to this proceeding in error stand here in the
relation opposite to that in which they stood in the court of com-
mon pleas. The action there was brought by the city solicitor
to compel the director of public service of the city of Cleveland
to certify a vacancy in the postion of inspector of street lighting
to the civil service commission, to the end that said commission
might certify back to him the names of three qualified persons,
from among whom to choose in filling said vacancy, pursuant to
the provisions of "An act to amend and supplement certain
sections of the municipal code of 1902," etc. (99 Ohio Laws,
562).

Among the new provisions of law in this act are those of Sec-
tions 157 to 165 inclusive of the municipal code (General Code,
Sections 4479-4488) extending the merit system of appointment
to all but certain excepted positions in the municipal service.
These sections became effective January 2, 1910.

Section 129 of the municipal code (General Code, Section
4247) was amended by the same act (99 Ohio Laws, 562), and

* Affirmed without opinion, *Lea v. State, ex rel,* 83 Ohio State, 518.

this part of the act became effective August 1, 1909. It provides among other things that "the directors and officers provided for in this act shall have the exclusive right, subject to the limitation herein prescribed, to appoint all officers, clerks and employes in their several respective departments or offices, and shall likewise, subject to the limitations herein prescribed, have sole power to remove or suspend any such officers, clerks or employes."

The present inspector of street lighting was appointed January 29, 1910, after the civil service commission was appointed, but before it had prepared rules and regulations adapted to carry out the purposes of said act as provided by Section 159 thereof (General Code, Section 4480).

The theory of the petition below is that he was appointed pursuant to Section 165 of said act (General Code, Section 4488) which reads as follows:

"To prevent stoppage of public business or to meet extraordinary exigencies, as provided in this act, the mayor may make temporary appointments."

The contention of the defendant below is that the present inspector of public lighting was appointed pursuant to the general appointive power vested by Section 129 in "the directors and officers" of the city for "their several respective departments." He argues that the fact that rules and regulations had not yet been prepared by the civil service commission to put the merit system into actual operation can not be deemed to have suspended the general appointive power of heads of departments and to have restricted the exercise of the appointive power to the making of emergency appointments by the mayor.

It seems clear, however, that no such dilemma was created by the circumstances which then obtained. It was not necessary that the civil service commission should complete preparation of rules and regulations and other preliminaries to the full operation of the merit system, in order to respond to a notification that the occurrence of a vacancy required the certification of three persons eligible to fill it. The provisions of Section 160 of the act (General Code, Section 4481) are plain and imperative:

"Appointments shall be made as follows: the appointing board or officer shall notify the commission of any vacancy to be filled. The commission shall thereupon certify to such board or officer the three candidates graded highest in the respective lists as shown by the result of such examination. Such board or officer shall thereupon appoint one of the three so certified."

If delay ensued in following out of this procedure, so as to threaten "the stoppage of public business," the mayor might "make temporary appointments" until the commission could act.

But it does not appear on this record that any effort was made to have the commission act. When the vacancy occurred it was filled without certifying the fact of vacancy to the commission at all. The commission might well have been able to expedite their action if occasion had arisen calling upon them to act.

The action below was decided on the pleadings, a demurrer to the answer having been sustained and judgment rendered. We discern no error in this record, and the judgment is affirmed.